FILED

08/12/2022

Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs August 2, 2022

**TRIMON J. PRUITT v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Madison County**
No. C-20-252          Kyle Atkins, Judge
_____

**No. W2021-01214-CCA-R3-PC**
_____

A Madison County jury convicted the Petitioner, Trimon J. Pruitt, of one count of second degree murder, and the trial court sentenced him to serve twenty-four years, at 100%. The Petitioner appealed, and this court affirmed his conviction and sentence. *State v. Trimon Pruitt*, No. W2018-00039-CCA-R3-CD, 2019 WL 1501552, *1 (Tenn. Crim. App., at Jackson, Apr. 4, 2019), *Tenn. R. App. P. 11 application denied* (Tenn. Aug 19, 2019). The Petitioner filed an untimely petition for post-conviction relief, which the post-conviction court dismissed after a hearing. We affirm the post-conviction court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, P.J., and TIMOTHY L. EASTER, J., joined.

William J. Milam, Jackson, Tennessee, for the appellant, Trimon J. Pruitt.

Herbert H. Slatery III, Attorney General and Reporter; Katharine K. Decker, Senior Assistant Attorney General; Jody S. Pickens, District Attorney General; and Alfred L. Earls, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I. Facts**

This case arises from a gang related murder that occurred in 2015. For this killing, a Madison County grand jury indicted the Petitioner on charges of first degree murder and a jury convicted the Petitioner of second degree murder. This court affirmed the conviction on appeal. *State v. Trimon Pruitt*, No. W2018-00039-CCA-R3-CD, 2019 WL 1501552, *1 (Tenn. Crim. App., at Jackson, Apr. 4, 2019), *Tenn. R. App. P. 11 app. denied* (Tenn. Aug 19, 2019).

The Petitioner filed a *pro se* petition for post-conviction relief on September 3, 2020. In it, he acknowledged that his post-conviction petition was untimely, but he asked to be allowed to proceed with the filing. The Petitioner said he had made several unsuccessful attempts to contact his attorney ("Counsel"), who had not informed him that his Rule 11 application had been denied. The post-conviction court held a hearing on the filing.

During the hearing, the State asked the post-conviction court to dismiss the petition as time barred. The State noted that the Tennessee Supreme Court had denied the Petitioner's permission to appeal on August 19, 2019, and that the Petitioner had not filed his post-conviction petition until August 31, 2020. The State asserted that it was filed beyond the applicable one-year statute of limitations and should be dismissed.

The Petitioner's attorney stated that the date that the case was formally closed was on September 3, 2019, making the Petitioner's post-conviction filing timely. He asked to present proof. The post-conviction court on the record indicated that the Petitioner's attorney had handed him a document from "tncourts.gov" that indicated that the case was closed on September 3, 2019. The post-conviction court allowed the Petitioner to present proof regarding the filing date.

The Petitioner testified that he turned in his petition for post-conviction relief on August 31, 2020, but that it was not stamped filed until September 3, 2020. He said that Counsel, who also represented him during the appellate process, did not communicate frequently with him. After his trial, Counsel said that he would file an appeal, which Counsel did. The Petitioner, however, never received a copy of the decision from the Court of Criminal Appeals. Counsel did tell him that he would file a Rule 11 application for permission to appeal with the Tennessee Supreme Court, but the Petitioner was never given any notice whether the application had been granted or denied. The Petitioner also noted that, during this time frame, the pandemic caused his facility to be locked down for long periods of time, which impeded communication.

During cross-examination, the Petitioner testified that he had access to Westlaw and the law library at the prison facility.

The post-conviction court dismissed the petition as time barred. After looking at all the evidence, the relevant statute, and the supreme court orders extending the statute of limitations under some pandemic-related instances, the court stated, "I don't know that I have any choice but to dismiss the petition." It is from this judgment that the Petitioner now appeals.

**II. Analysis**

2

On appeal, the Petitioner asserts that the post-conviction court erred when it dismissed his petition as untimely. He asserts that his attorney never informed him that the Tennessee Supreme Court had denied his request for permission to appeal. He asks this court to reverse the post-conviction court's finding that his petition was untimely filed.

A post-conviction petitioner has one year from "the date of the final action of the highest state appellate court" in which to file a petition for relief. T.C.A. § 40-30-102(a) (2018). "Time is of the essence of the right to file a petition for post-conviction relief." *Id.* Untimely filing of a post-conviction petition extinguishes a petitioner's post-conviction claims. *Id.* Tennessee Code Annotated section 40-30-102 subpart (b) states that "[n]o court shall have jurisdiction to consider a petition filed after the expiration of the limitations period" and then sets out the following three exceptions to this rule:

> (1) The claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. The petition must be filed within one (1) year of the ruling of the highest state appellate court or the United States supreme court establishing a constitutional right that was not recognized as existing at the time of trial;

> (2) The claim in the petition is based upon new scientific evidence establishing that the petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or

> (3) The claim asserted in the petition seeks relief from a sentence that was enhanced because of a previous conviction and the conviction in the case to which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid, in which case the petition must be filed within one (1) year of the finality of the ruling holding the previous conviction to be invalid.

T.C.A. § 40-30-102(b). In addition, the Tennessee Supreme Court has held the statute of limitations for filing a post-conviction petition should be tolled in limited circumstances when "strict application of the statute of limitations would deny a defendant a reasonable opportunity to bring a post-conviction claim and thus, would violate due process." *Williams v. State*, 44 S.W.3d 464, 468 (Tenn. 2001) (citing *Burford v. State*, 845 S.W.2d 204 (Tenn. 1992)).

This case does not fall within the three exceptions set forth in Tennessee Code Annotated section 40-30-102(b) that allow for the filing of a petition for post-conviction

relief outside the one-year statute of limitations, and our review of the record does not show that the Petitioner was "denied the reasonable opportunity to assert a claim in a meaningful time and manner." *Seals v. State*, 23 S.W.3d 272, 279 (Tenn. 2000).

The Petitioner had one year from "the date of the final action of the highest state appellate court to which an appeal is taken" to file his petition for post-conviction relief. T.C.A. § 40-30-102(a). This court filed its opinion on April 4, 2019, and the Tennessee Supreme Court denied permission to appeal by order on August 19, 2019. Therefore, the Petitioner had until August 19, 2020, to file his petition for post-conviction relief. He says he filed it on August 31, 2020, but it was not stamp filed until September 3, 2020. The petition was untimely. Accordingly, we conclude that the petition for post-conviction relief should be dismissed as time-barred, and we have no jurisdiction to review the merits of the Petitioner's claims. *See Jonathan Adams v. State*, No. E2012-00297-CCA-R3-PC, 2013 WL 1187654, at *3 (Tenn. Crim. App., at Knoxville, Mar. 21, 2013), *Tenn. R. App. P. 11 application denied* (Tenn. Aug. 14. 2013).

### III. Conclusion

Based on the foregoing, we affirm the post-conviction court's judgment.

_____
ROBERT W. WEDEMEYER, JUDGE

4